IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:22-cv-00409-KKM-JSS

UNITED STATES FOR THE USE AND
BENEFIT OF THE BREWER-GARRETT COMPANY,

Plaintiff,

v.

ENDURANCE ASSURANCE CORPORATION,

Defendant.
_____/

**MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANT ENDURANCE ASSURANCE CORPORATION**

Plaintiff, The Brewer-Garrett Company (Plaintiff), pursuant to Rule 55(b), Federal Rules of Civil Procedure, and M.D. Fla. Local Rule 1.10(c), respectfully moves for an entry of default judgment against Defendant, Endurance Assurance Corporation (Defendant). In support, Plaintiff states as follows:

1

1. Defendant was served with the complaint in this proceeding on February 25, 2022, as reflected on the Proof of Service, which was filed with the Court pursuant to M.D. Fla. Local Rule 1.10(a). (Doc. No. 11).[1]

2. Plaintiff timely applied for entry of a default pursuant to Rule 55(a), Federal Rules of Civil Procedure, and M.D. Fla. Local Rule 1.10(b). (Doc. No. 12).

3. Having failed to answer the complaint within the time permitted, the Clerk entered a default against Defendant. (Doc. No. 13).

4. A default judgment may be entered against Defendant as it has failed to appear and is neither a minor nor an incompetent person. Further, the judgment is for a sum certain or one that can be made certain by computation. Fed. R. Civ. P. 55(b)(1).

5. The default admits all of the well-pled allegations contained in the complaint and Defendant has clearly been defaulted.

---

[1] On February 22, 2022, the complaint was amended per Court Order (Doc. No. 4), in form only as regards its Miller Act claim against Defendant, and is referred to herein as the "complaint." (Doc. No. 5).

6. The default also admits Defendant's liability for liquidated damages. See e.g. Pierce v. Anglin, 721 So. 2d 781, 783 (Fla. 1st DCA 1998) ("Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law.") (citations omitted).

7. Plaintiff's affidavit is filed in support of its unpaid balance of $1,473,974.00, due and owing since October 14, 2021, and attached as Exhibit 1. See Poser Investments, Inc. v. Ravin Hotels & Investments, LLC, No. 6:13-MC-18-ORL-36TBS, 2018 WL 2445891, at 2 (M.D. Fla. May 31, 2018) ("The party seeking default judgment has the burden of establishing proof of all allegations, including damages. Likewise, the Court bears a responsibility to conduct an inquiry to ascertain the proper amount of damages. Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts.") (internal quotations and citations omitted).

8.     The purpose of a Miller Act payment bond is "to protect subcontractors and suppliers who provide labor and material for a federal project." U.S., for Use & Benefit of Pertun Const. Co. v. Harvesters Grp., Inc., 918 F.2d 915, 917 (11th Cir. 1990). "The Miller Act requires contractors to post bond to ensure payment of persons supplying labor or materials on any government construction contract exceeding $100,000.00." U.S. ex rel. Capital Computer Grp., LLC v. Gray Ins. Co., 453 Fed. App'x 905, 906 (11th Cir. 2011) (citing 40 U.S.C. § 3131(b)(2)). "Because federally owned property is exempt from liens that normally protect laborers and suppliers from nonpayment, the Miller Act was enacted to provide a substitute remedy." Id. "The Miller Act is to be liberally construed to carry out its remedial purpose." Id. at 908. "The Miller Act by its terms covers 'every person that has furnished labor or material' for the project." Id. (quoting 40 U.S.C. § 3133(b)(1)). "The right of action to sue on the bond, however, extends only to the subcontracting and sub-subcontracting level." Id. "There is no right of action for those further down the contracting chain." Id.

4

9. The payment bond (No. EACX115000042) states:

OBLIGATION:

We, the Principal [Prime Contractor] and Surety(ies) [Defendant], are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is in the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notices of those modifications to the Surety(ies) are waived.

(Doc. No. 5-1).

10. The language of the Miller Act Bond operates to where "the

principal and surety bound themselves to the owner for payments to all subcontractors of the principal, with the bond being void if those payments are made; if the payments are not made, then the principal and surety are jointly and severally liable for the payments." <u>Tarmac Am., LLC v. Pro Way Paving Sys., LLC</u>, No. 8:12-CV-867-T-33, 2014 WL 1930499, at 4 (M.D. Fla. May 14, 2014) (internal citation omitted)

11. Plaintiff was a subcontractor of the Prime Contractor that is subject to the Miller Act Bond and furnished labor, services, and materials to Prime Contractor pursuant to same, but Prime Contractor failed and refused to pay Plaintiff the amounts due. (Doc. No. 5 at ¶¶ 13, 15; Affidavit at ¶ 6, 7).

12. Therefore, on October 13, 2021, Plaintiff served its Notice of Nonpayment. (Affidavit at ¶ 8). By serving the Notice of Nonpayment, Plaintiff perfected its claim against the payment bond. (Affidavit at ¶ 8). As a result, Defendant, as Surety on the bond, is jointly and severally liable to Plaintiff under the Millar Act Bond for the outstanding amount due of

6

$1,473,974.00.

13. In addition to damages, Plaintiff is entitled to prejudgment interest at the rate specified in 41 U.S.C. § 7109 as fixed by the United States Secretary of Treasury. Prejudgment interest is a simple arithmetic computation from the due date of payment. As of April 7, 2022, the total accrued pre-judgment interest due is $34,697.03. See Exhibit 2 with computations. Specifically, under the Miller Act, whether to allow prejudgment interest is a matter of federal law; however, because the Miller Act does not provide any explicit standards for awarding prejudgment interest, it is treated as incorporating state law on this issue. "On actions *ex contractu*, prejudgment interest runs from the date a liquidated debt is due, even if a genuine dispute exists as to whether the debt is in fact due." U.S. for Use & Benefit of Seminole Sheet Metal Co. v. SCI, Inc., 828 F.2d 671, 677–78 (11th Cir. 1987) ("A claim is liquidated if a conclusive determination of the exact amount due can be made at the time of demand for payment.")

14. Based upon the Clerk's entry of default, the well-pled factual

7

allegations in the complaint, the affidavit and argument herein, the Court should find that Defendant is bound for the payment of sum due to Plaintiff under the Miller Act payment bond and grant the instant Motion.

15. In conclusion, Plaintiff respectfully requests the entry of final judgment against the Defendant, Endurance Assurance Corporation, as follows:

- In the principal sum certain of $1,473,974.00 plus prejudgment interest, which is $34,697.03 as of April 7, 2022
- For taxable costs in the amount of $417.55 for fees of the Clerk and service of the summons

For which sum execution should issue.

### CERTIFICATE OF SERVICE

I certify that on April 7, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) to counsel of record.

/s/ Carly Newman
Rosemary Hanna Hayes
Florida Bar no. 549509

 

Carly Marie Newman
Florida Bar no. 99419
HAYES & NEWMAN, PL
830 Lucerne Terrace
Orlando, FL 32801
rhayes@const-law.com
cnewman@const-law.com
cstone@const-law.com (paralegal)
Phone: 407-649-9974
Fax: 407-649-9379
**ATTORNEYS FOR PLAINTIFF**