UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BREWER-GARRETT COMPANY,

    Plaintiff,

v.                                      Case No: 8:22-cv-409-KKM-JSS

ENDURANCE ASSURANCE
CORPORATION,

    Defendant.
_____/

## ORDER

Plaintiff Brewer-Garrett Company moves the court for entry of default judgment against Defendant Endurance Assurance Corporation. (Dkt. 14.) In response, Defendant moves to set aside the clerk's default. (Dkt. 18). For the reasons set forth below, Plaintiff's Motion for Entry of Default Judgment (Dkt. 14) is denied and Defendant's Motion to Set Aside Clerk's Default (Dkt. 18) is granted.

## BACKGROUND

This case arises under the Miller Act, 40 U.S.C. § 3131. (Dkt. 5 at 2.) Venergy Group, LLC (Venergy) entered into a contract with the United States of America to design and construct renovations for a building at the James A. Haley Veterans Affairs Medical Center located in Tampa, Florida (VA Project). Pursuant to the Miller Act, Defendant issued a payment bond ensuring payment to all persons supplying labor and material for the VA Project. (Dkt. 5-1.) Plaintiff entered a subcontract with

Venergy to provide labor for the VA Project, which commenced upon acceptance of the bond by the United States. (*Id.* at 3–4).

Plaintiff filed a complaint against Defendant on February 18, 2022. (Dkt. 4.) On February 22, 2022, Plaintiff filed an amended complaint alleging that Defendant violated the Miller Act, 40 U.S.C. § 3131, by failing to pay Plaintiff's bond claim. (Dkt. 5.) The amended complaint asserts that Plaintiff fully performed under its contract, but that Venergy failed and refused to pay Plaintiff a sum of $1,473,974 owed for work on the VA Project. (*Id.* ¶ 15.) As such, Plaintiff asserts that it is entitled to payment pursuant to the Miller Act and the bond. (*Id.* ¶ 17.)

The clerk of court issued a summons, and the amended complaint was served on the Chief Financial Officer of the State of Florida (CFO), Defendant's statutory registered agent, on February 23, 2022. (Dkts. 6, 11.) The CFO indicates that it forwarded a copy of the summons and amended complaint to Defendant by electronic delivery on February 25, 2022. (Dkt. 11.) Defendant's answer was due March 18, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). After Defendant did not file an answer, Plaintiff moved for entry of clerk's default (Dkt. 12), which was entered on March 23, 2022. (Dkt. 13.) On April 7, 2022, Plaintiff filed its motion for default judgment. (Dkt. 14.)

Defendant first appeared on April 29, 2022 and moved for an extension of time to respond to Plaintiff's motion for default judgment, stating that it only recently learned of the existence of the litigation. (Dkt. 16 at 2.) At the direction of the court

2

(Dkt. 17), Defendant filed its motion to set aside the clerk's default on May 6, 2022. (Dkt. 18.) Plaintiff opposes the Motion. (Dkt. 24.)

## APPLICABLE STANDARDS

After the complaint is filed, the plaintiff must serve the defendant with the summons and a copy of the complaint within ninety days. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). A defendant must serve an answer within twenty-one days after being served with the summons and complaint, and every defense to the claims raised in the complaint must be asserted in the answer. Fed. R. Civ. P. 12(a)(1)(A)(i), (b). Alternatively, before filing an answer, a defendant may present certain defenses to the complaint by motion, including lack of personal jurisdiction and insufficient service of process. Fed. R. Civ. P. 12(b).

When a party against whom relief is sought fails to plead or otherwise defend the claim, the clerk of the court must enter the party's default. Fed. R. Civ. P. 55(a). After a party's default has been entered, but before the entry of default judgment, the district court may exercise its discretion to set aside the default for "good cause." Fed. R. Civ. P. 55(c); *see Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (stating that Rule 55(c) applies when a judgment has not been entered and provides the court discretion to set aside the entry of default, while the more stringent provisions of Rule 60(b) only apply when a judgment has been entered).

## ANALYSIS

In moving to set aside the clerk's default, Defendant argues that good cause exists because its delay in responding was the result of excusable neglect. (Dkt. 18 at 3–4.) Defendant further argues that it acted with due diligence to set aside the default and that it has meritorious defenses to the action. (*Id.* at 3–5.)

Federal Rule of Civil Procedure Rule 55(c) provides that the court may set aside an entry of default for good cause shown. Because default judgment has not been entered, the less rigorous "good cause" standard applies. *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (citation omitted) (noting the distinction that the "standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default."). In determining whether good cause has been shown, courts consider the following factors: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether there was significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996). However, because defaults are viewed with disfavor, courts also consider the strong policy of determining cases on their merits. *Worldwide Web Sys., Inc. v. Worldstar Comm. Corp.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Defendant contends that it is unable to locate any record of receiving the amended complaint sent by the CFO. (Dkt. 18 at 4.) In support of its contention, Defendant submits the declaration of John P. Wilson, the Vice President of Surety Claims for Sompo International Companies, who handles claims on behalf of Endurance. (Dkt. 19 ¶¶ 2, 3.) Mr. Wilson avers that notice of lawsuits against Endurance involving surety bonds are ordinarily sent to him, Defendant cannot locate any record of receiving the amended complaint, and Defendant did not become aware of the litigation until it was notified by Venergy on April 28, 2022. (*Id.* ¶¶ 8, 9, 12.) Mr. Wilson further avers that the physical address on the Notice of Service of Process is outdated and that it does not identify the electronic address to which it was transmitted. (*Id.* ¶ 14.) Plaintiff disputes the accuracy of these averments. (Dkt. 24 at 3–6.)

Upon consideration, the undersigned finds that Defendant's failure to locate the Notice of Service of Process does not amount to intentional or reckless disregard for the judicial process indicating a willful default. *See Querec v. Comm'r of Soc. Sec.*, No. 6:14-cv-983-Orl-18GJK, 2015 WL 12862467, at *2 (M.D. Fla. Apr. 1, 2015) (concluding that defendant's failure to log a summons and complaint into its internal case tracking system did not amount to intentional or reckless disregard for the judicial process, even though defendant was properly served with the summons and complaint). The promptness with which Defendant moved to correct the default further indicates a lack of willfulness. Defendant filed a motion for extension to

respond to the motion for default judgment on April 29, 2022, a day after it claims to have been notified of the litigation by Venergy. (Dkt. 16.) In compliance with the court's order (Dkt. 17), Defendant filed its motion to set aside clerk's default seven days later, on May 6, 2022. (Dkt. 18.) It also complied with the court's order to file a notice verifying that it complied with Local Rule 3.01(g) on May 13, 2022. (Dkt. 21.) In contrast to the litigant who is given ample opportunity to comply with court orders and fails to do so, Defendant complied in a timely manner with every order that the court gave after April 28, 2022.

Further, there is no indication that Plaintiff will be prejudiced by setting aside the entry of default. *See Lake James Assocs., Inc. v. Summit Techs., L.L.C.,* No. 8:06-cv692T-17TBM, 2006 WL 2789144, at *2 (M.D. Fla. Sept. 26, 2006) (explaining that establishing prejudice is showing more than "[m]ere delay," but "that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."). Lastly, Defendant argues that it possesses meritorious defenses by extension of the defenses of Venergy, who Defendant contends is currently in arbitration with Plaintiff involving the same underlying dispute. (Dkt. 18 at 4–5.) Specifically, Defendant claims that, in the Plaintiff-Venergy arbitration, Plaintiff "acknowledges Venergy has paid numerous of [Plaintiff's] subcontractors and suppliers, thereby significantly reducing" the claim amount in this matter. (*Id.* at 5.) To the extent Plaintiff argues that Defendant's showing of defenses is insufficient, it is enough for Defendant to show a "hint of a suggestion that he [has]

a meritorious defense" to set aside a judgment. *See Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)[1]; *see also Fid. & Deposit Co. of Md. V. Jernagan*, No. PCA 87–30080–WS, 1987 WL 49657, at * 3 (N.D. Fla. July 5, 1987) ("Mere allegation of a meritorious defense can be substantial enough to constitute good cause.").[2]

In sum, the court finds good cause to set aside the clerk's default. *See USA Flea Mkt., LLC v. EVMC Real Estate Consultants, Inc.*, 248 F. App'x 108, 111 (11th Cir. 2007) (finding that good cause existed to vacate a default when the party's failure to respond in a timely manner to the complaint was not willful, the party acted promptly to vacate the default once counsel was obtained, a meritorious defense was asserted, and the opposing party would suffer no prejudice if the default was vacated). As such, and because of the strong preference that cases be heard on the merits and that litigants be afforded their day in court, *Perez*, 774 F.3d at 1342 (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)), the court will set aside the clerk's default.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment (Dkt. 14) is **DENIED**.

2. Defendant's Motion to Set Aside Clerk's Default (Dkt. 18) is **GRANTED**.

3. The Clerk's Entry of Default (Dkt. 13) is **SET ASIDE**.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] To the extent Defendant seeks to stay the case pending the resolution of the arbitration between Venergy and Plaintiff (Dkt. 18 at 1), Defendant fails to provide a memorandum of law in support of the requested relief as required by the Local Rules. M.D. Fla. Loc. R. 3.01(a).

4. Defendant shall respond to the Amended Complaint (Dkt. 5) within 14 days.

**ORDERED** in Tampa, Florida, on June 21, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record